UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


KENNETH P. RANDOLPH,

       Plaintiff,

v.                           CASE No. 8:06-CV-976-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,[1]

       Defendant.
_____


O R D E R

       The plaintiff in this case seeks judicial review of the denial of his claims for Social Security disability benefits and supplemental security income payments.[2]   Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain reversible error, the decision will be affirmed.

_____

      [1]Michael J. Astrue has become the Commissioner of Social Security.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted for Jo Anne B. Barnhart as the defendant in this suit.

      [2]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 14).

I.

The plaintiff, who was forty-eight years old at the time of the administrative hearing, has an eighth grade education (Tr. 290, 291).[3] He has worked as a laborer, dishwasher, order puller, and construction worker (Tr. 82, 116).   He filed claims for Social Security disability benefits and supplemental security income payments, alleging that he became disabled in October 2002 due to a neck condition, a mental condition, frequent urination, and pain  (Tr. 81).  The claims were denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge.  The law judge found that the plaintiff suffers from chronic anxiety, Hepatitis C, GERD, and severe depression with psychotic symptoms, including hallucinations, hearing voices and delusions (Tr. 14).  He also found that the plaintiff suffers from drug and alcohol abuse (Tr. 13, 14).  He concluded that these impairments limited the plaintiff to light work that did not involve detailed, complex instructions or stringent time targets or production goals (Tr. 12).  He found further that the job cannot

_____

[3]The plaintiff stated in the Disability Report that he completed ninth grade (Tr. 87), but he clarified at the hearing that he did not complete that grade (Tr. 291).  He also stated, falsely, on a job application that he had completed four years at King High School (Tr. 102).

require public contact and only infrequent supervisor/coworker contact and cannot involve dangerous moving equipment, machinery, or unprotected heights (id.).  The law judge also determined that the plaintiff would need one additional unscheduled bathroom break daily and would be absent two days each month (id.).  Based on the testimony of a vocational expert, the law judge determined that these restrictions prevented the plaintiff from performing any of his past work or other jobs in the national economy (Tr. 13).

The law judge pointed out, however, that, under the Social Security Act, a claimant may not be found disabled "if alcoholism or drug addiction would ... be a contributing factor material to the determination of disability."  42 U.S.C. 423(d)(2)(C), 1382c(a)(3)(J).   In this connection, the law judge determined that, in the absence of substance abuse, the claimant would have had the residual functional capacity to perform light work (Tr. 13, 14).   Having therefore concluded that the plaintiff's alcoholism and drug addiction are contributing factors material to the determination of a disability, the law judge decided that the plaintiff was not disabled (id.).  The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A).  A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence.  42 U.S.C. 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the

witnesses.  <u>Grant</u> v. <u>Richardson</u>, 445 F.2d 656 (5th Cir. 1971).  Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence.  <u>Celebrezze</u> v. <u>O'Brient</u>, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled.  However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met.  <u>Lamb</u> v. <u>Bowen</u>, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

As indicated, the law judge found that the plaintiff was a polysubstance abuser and that he suffered from disabling impairments. However, because he determined that, absent drug abuse and dependency, the plaintiff would have had the residual functional capacity to perform light work, the law judge found that the plaintiff was not disabled.

The plaintiff challenges the law judge's decision on two grounds. The first ground is denominated as an attack on the law judge's credibility determination, but it also seems to argue that substantial evidence does not support the law judge's finding that the plaintiff would not have experienced significant nonexertional symptoms absent his polysubstance abuse (Doc. 22, p. 10).  The plaintiff also contends that the law judge failed to evaluate his complaints of frequent urination (id. at pp. 11-12).  These contentions lack merit.

In 1996 Congress amended the Social Security laws with respect to alcoholism and drug addiction.  Under the amendments, an individual is not to be considered disabled if alcoholism or drug addiction would be a "contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. 423(d)(2)(C), 1382c(a)(3)(J).  The pertinent regulations explain the amendments (20 C.F.R. 404.1535(b), 416.935(b)):

> (1) The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol.
> (2) In making this determination, we will evaluate which of your current physical and mental limitations, upon which we based our current disability determination, would remain if you stopped using drugs or alcohol and then determine

> whether any or all of your remaining limitations
> would be disabling.

In this connection, the Eleventh Circuit has stated that, "in disability determinations for which the medical record indicates alcohol or drug abuse, the claimant bears the burden of proving that the substance abuse is not a contributing factor material to the disability determination..." Doughty v. Apfel, 245 F.3d 1274, 1281 (11th Cir. 2001).

   A.   The plaintiff argues first that the law judge's credibility findings were tainted by a misstatement in his decision concerning the plaintiff's testimony about his alcohol and drug use (Doc. 22, pp. 8-9). In this regard, the law judge stated (Tr. 12):

> The claimant testified under oath that he had not used drugs after [January 1, 2004], but subsequent medical records received from Tampa General Hospital prove this not to be true. Records document that, on June 3, 2004 and August 4, 2004, the claimant was treated for polysubstance withdrawal after using heroin and cocaine the night before. The fact that the claimant provided inaccurate information on a matter so integral to determining disability suggests that much of what the claimant alleged may be similarly unreliable.[4]

---

[4]The plaintiff noted that the June and August 2004 Tampa General Hospital records referenced by the law judge were not included in the transcript (Doc. 22, p. 10). Those medical records obviously were before the law judge and they have been provided in a supplemental transcript (Doc. 26).

The plaintiff argues that the law judge erred because "[t]he transcript of the testimony shows that the Plaintiff did not deny using illicit drugs after January 2004" (Doc. 22, p. 9).

However, the plaintiff did deny, repeatedly, during the hearing that he used illegal drugs and alcohol after January 2004. Thus, the plaintiff was questioned (Tr. 296):

> Q: Now, you have a history of alcohol or drug abuse. Is that correct?
>
> A: Yes, sir.
>
> Q: Okay. Are you using now?
>
> A: No, sir.
>
> Q: When did you last use either alcohol or ... illegal drugs?
>
> A: Well, before I got a stomach problem ... which was about eight months ago.

The plaintiff reaffirmed three times during the hearing that, for the previous eight months, he had not used illegal drugs or alcohol (see Tr. 300, 305, 307). In this regard, he told the law judge that he had stopped using drugs because his psychiatrist was helping him and giving him medication (Tr. 307). However, at the end of his testimony, when the law judge pointedly asked him again if he had used illegal drugs or alcohol since January 2004, the plaintiff

conceded that he had "occasionally used different drugs" during this time period (Tr. 312).

Thus, the plaintiff during the administrative hearing did in fact lie under oath, repeatedly, about his illegal drug use. Under these circumstances, the law judge could reasonably conclude that much of what the claimant alleged may be unreliable.

In all events, the challenge to the law judge's credibility determination lacks any force. Other than the plaintiff's misrepresentations about not using drugs or alcohol since January 2004, the law judge did not appear to reject any testimony due to a general credibility assessment. The plaintiff in his argument has not pointed to any other testimony that the law judge assertedly should have credited, but did not. Thus, although the law judge indicated that in general he did not find the plaintiff a reliable witness, that conclusion did not make any difference.

And with respect to the specific denials of drug use after January 2004, the law judge's rejection of those denials is substantiated by the hospital records showing heroin and cocaine use in June 2004 (Tr. 332) and heroin

withdrawals in August 2004 (Tr. 334).  Those records amply support that specific credibility determination.[5]

B.  Although the law judge found that the plaintiff suffered from disabling impairments, he also found that the plaintiff's polysubstance abuse and dependency were contributing factors material to his disability, thereby rendering him ineligible for benefits.[6]  The plaintiff challenges, somewhat vaguely, the law judge's finding that he would not have experienced significant nonexertional symptoms absent his polysubstance abuse (Doc. 22, p. 10).  The plaintiff does not identify what symptoms he contends he would have suffered if he had not been using drugs and alcohol.  Apparently they are mental limitations.

_____

[5]As the plaintiff notes, the law judge indicated at the end of the hearing that he would find the plaintiff disabled after January 2004 because, according to the plaintiff's testimony, he had stopped using drugs (Tr. 323-25).  The hospital records showing drug use in June and August of 2004 were submitted by plaintiff's counsel on the day of the hearing (Tr. 326), and apparently came to the law judge's attention after the hearing.  Those records seemingly caused the law judge to conclude that the plaintiff had lied to him about drug use and to change his mind about finding the plaintiff disabled.

[6]The plaintiff correctly notes that the law judge erroneously stated in his decision that the plaintiff amended the alleged onset date from October 2002 to January 1, 2004 (Doc. 22, pp. 8-9).  However, this is harmless error because the plaintiff himself argues that "the earliest evidence in the record that the Plaintiff would still have significant problems despite drug and alcohol abuse are contained in the report of Dr. Hafiz Rahman dated January 7, 2004" (id. at p. 10).  Therefore, the plaintiff acknowledges that he could not meet his burden to show that his polysubstance abuse was immaterial to his disabling impairments prior to January 7, 2004.  Furthermore, the law judge specifically considered the period prior to January 2004 and stated at the end of the hearing that the plaintiff would be denied benefits for that period due to his drug addiction and alcoholism (Tr. 323).

The plaintiff's medical records show that he had a severe polysubstance abuse problem, and the plaintiff acknowledged at the administrative hearing a long history of drug and alcohol abuse (see, e.g., Tr. 296-97, 306).   The law judge noted further that the record contains no evidence of functional limitations in the absence of substance abuse (Tr. 13).   Importantly, the record contains physician statements that opine the plaintiff's depression and psychosis are drug induced.   Thus, the plaintiff's treating psychiatrist, Dr. Hafiz M.A. Rahman, stated in a Treating Psychiatrist Mental Health Report dated February 27, 2003, that the plaintiff suffers from "Drug Induced depression [and] psychosis" (Tr. 206).   Further, reviewing psychologist Dr. James B. LeVasseur opined that the plaintiff suffered from "Drug Induced Depression and Psychosis" (Tr. 219).   These opinions provide substantial evidence in support of the law judge's finding that the plaintiff's polysubstance abuse is a contributing factor material to his mental impairments.

Importantly, the plaintiff does not cite any evidence which controverts this finding.   Thus, the plaintiff presents no evidence that his mental condition existed prior to the commencement of his substance abuse.

The only citation offered by the plaintiff in support of his argument that he would have had disabling mental impairments in the absence of polysubstance abuse is a report of Dr. Rahman dated January 7, 2004, which states the plaintiff "has long term problems with depression and psychotic symptoms. Has to control symptoms with strong psychotropics which can limit cognition and judgement" (Doc. 22, p. 10; Tr. 257). However, this report does not contradict Dr. Rahman's earlier statement that the plaintiff's depression and psychosis are drug induced. Thus, Dr. Rahman's report does not opine that these conditions would persist in the absence of the plaintiff's polysubstance abuse. To the contrary, Dr. Rahman's notation that the plaintiff has "long term problems with depression and psychotic symptoms" evidences a relationship between these mental conditions and his polysubstance abuse. Thus, Dr. Rahman's notes at the outset of the plaintiff's treatment document the plaintiff's polysubstance abuse and a diagnosis of multiple substance dependency (Tr. 253, 254), and medical records document continued substance abuse during the treatment period (see, e.g., Tr. 242, 264, 267).

Consequently, Dr. Rahman's report of January 2004 does not compel a finding that the plaintiff would suffer significant mental limitations

if he stopped abusing drugs and alcohol.  Under the substantial evidence test,

"finding of fact made by administrative agencies ... may be reversed ... only

when the record compels a reversal; the mere fact that the record may support

a contrary conclusion is not enough to justify a reversal of the administrative

findings."  Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en

banc), cert. denied, 544 U.S. 1035 (2005).

In sum, the plaintiff has not presented any evidence to meet his

burden of showing that his polysubstance abuse was not a contributing factor

material to his disability.  Not surprisingly, therefore, the law judge's finding

that the plaintiff's drug abuse and alcoholism were material contributing

factors to his disability is amply supported by the record.

C.  Finally, the plaintiff argues that the law judge's decision

"failed to properly analyze and made findings regarding the Plaintiff's alleged

symptoms of urinary frequency" (Doc. 22, p. 12).  This claim, as articulated,

is simply incorrect.

The law judge acknowledged in his decision the plaintiff's

testimony about frequent urination (Tr. 12).  Further, the law judge included

in the plaintiff's residual functional capacity an additional unscheduled

bathroom break, which seemingly was to accommodate a need for frequent

urination (id.).  Consequently, the plaintiff's contention that the law judge failed to address the plaintiff's complaint of frequent urination is mistaken. Notably, that is the extent of the plaintiff's argument on this point (Doc. 22, pp. 11-12).

Nevertheless, it is appropriate to add that in this case the plaintiff would have the burden of establishing that his urination condition would exist in the absence of his drug and alcohol abuse.  Doughty v. Apfel, supra.  The plaintiff has made no attempt to carry this burden.  Moreover, the majority of medical records which reflect the plaintiff's urinary frequency complaints are associated with the plaintiff's testing positive for substance use or reflect the plaintiff's report of substance abuse (see, e.g., Tr. 262, 267, 272, 275). Accordingly, the plaintiff's failure to show that he would have a significant functional limitation due to frequent urination in the absence of drug and alcohol abuse precludes a reversal based on that condition.

In addition, it seems that a claim of "frequent" urination is not a fair characterization of his condition.  Thus, he testified that he has to go to the bathroom for a couple of minutes every two, to two and one-half, to three hours (Tr. 311-12).  Those needs do not strike me as significantly limiting. Consequently, the law judge could reasonably find that, except for a

restriction to light work (which, itself, is a generous finding, <u>see</u> Tr. 298), the plaintiff has no other functional limitations when he does not abuse drugs and takes his medication (Tr. 13). In particular, the law judge could reasonably find that the plaintiff's need to use the bathroom does not significantly limit his ability to perform light work.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order and close the case.

DONE and ORDERED at Tampa, Florida, this <u>4th</u> day of September, 2007.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE